FILED
U.S. District Court
District of Kansas
10/08/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES M. COCHRAN,**

**Plaintiff,**

**v.** **CASE NO. 26-3381-JWL**

**DANIEL J. SCHNURR,**

**Defendant.**

**MEMORANDUM AND ORDER**

Petitioner James M. Cochran filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court grants Petitioner leave to proceed in forma pauperis. The Court screened the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and finds that the Petition should be dismissed for failure to state a claim, and as duplicative, frivolous or malicious.

Habeas Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the Petition, but "will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court "may not rewrite a petition to include claims that were never presented." *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted)); *see also Mayes v. Dowling*, 780 F. App'x 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition.") (citations omitted) (emphasis in original). It may also be used to seek "to compel the state to bring [a pretrial detainee] to trial." *Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. 2022) (citing *Dolack v. Allenbrand*, 548 F.2d 891, 893–94 (10th Cir. 1977)).

The Court has briefly reviewed the Petition, as required by Rule 4, and, even liberally construed, neither of the two grounds for relief Petitioner asserts challenge the *execution* of his sentence. Ground One of the Petition alleges that Petitioner's sentence is unconstitutional because he was not proven guilty beyond a reasonable doubt of a material element of the crime of conviction. (Doc. 1, p. 6–7.) Ground Two asserts that the state district court lacked subject matter jurisdiction to sentence him. *Id*. at 7. These are challenges to the *validity* of Petitioner's convictions and sentences, not the *execution* of Petitioner's sentence.[1]

Petitioner raised these same claims in a prior § 2241 petition filed in this Court. *See Cochran v. Schnurr*, Case No. 26-3313 (D. Kan.). The Court found that the petition in that case challenged the validity of his convictions and sentences, and not the execution of his sentence. *Id*. at Doc. 3. The Court found that:

> Because nothing in the petition now before the Court

[1] For example, the argument that time served was not properly credited to determine a proper release date is a challenge to the execution of a sentence. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241–43 (10th Cir. 2015). It is not a challenge to the conviction or to the imposition of a sentence; it merely challenges how the sentence is being executed.

> indicates that Petitioner seeks to challenge the execution of his sentence, Petitioner has failed to state a claim on which relief may be granted under 28 U.S.C. § 2241. Petitioner will be granted time in which to show cause, in writing, why this case should not be dismissed under Rule 4 because it plainly appears from the petition that Petitioner is not entitled to relief under 28 U.S.C. § 2241.
>
> On the other hand, if Petitioner seeks to challenge the *validity* of a state-court conviction or sentence, he must do so in a petition for writ of habeas corpus under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241. If Petitioner wishes to proceed in this case under 28 U.S.C. § 2254, he may ask the Court to recharacterize this case as one seeking relief under § 2254. Before making such a request, however, Petitioner should carefully consider "the potential consequences with respect to any § 2254 claim he may wish to file in the future. AEDPA places strict limitations on second or successive claims. *See* 28 U.S.C. § 2244(b), 2255." *See Davis v. Roberts*, 425 F.3d 830, 834–35 (10th Cir. 2005). If this matter is recharacterized as a § 2254 petition, any future § 2254 petition likely will be subject to the restrictions on second or successive motions.

*Id*. at 3–4.

In response, Petitioner filed an amended § 2241 petition in Case No. 26-3313 that asserted the same grounds for relief and challenged the validity of his sentence and underlying conviction, not the execution of his sentence. *Id.* at Doc. 5. The Court dismissed the petition, finding that "it states only grounds that cannot lead to relief under 28 U.S.C. § 2241." *Id*. at Doc. 7, at 3. The case was dismissed on October 2, 2026. *Id*.

On October 6, 2026, Petitioner filed the same claims in the instant Petition under § 2241. The Petition in the instant case fails to state a claim on which relief may be granted under 28 U.S.C. § 2241. The Court dismisses this matter for failure to state a claim, and as duplicative, frivolous or malicious. The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The

> unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013); *see also Erwin v. Zmuda*, 2024 WL 2768460, at *2 (10th Cir. 2024) (unpublished) (affirming dismissal as frivolous where case was duplicative of two previous complaints and stating that "repetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious") (citing *Childs*, 713 F.3d at 1265).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241 by a state prisoner. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim, and as duplicative, frivolous or malicious. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated October 8, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**